1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEREKET NUGUSSIE, *et al.*,

        Plaintiffs,

    v.

HMS HOST NORTH AMERICA,

        Defendant.

NO. C16-0268RSL

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING CASHED CLASS CLAIMS

    This matter comes before the Court on "Defendant HMSHost North America's Motion to Compel Plaintiff Indira Mohamed's Individual Claims to Arbitration and to Dismiss Mohamed's Individual and Putative Cashed Class Claims." Dkt. # 36. HMSHost seeks to enforce the arbitration provision that was part of a settlement offer that Ms. Mohamed accepted in September 2016. Plaintiffs argue that the settlement communications were misleading, coercive, and/or improper and that the Court should exercise control under Fed. R. Civ. P. 23 to nullify the arbitration agreement because it threaten the fairness of this on-going class action.

    Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER GRANTING MOTION TO
COMPEL ARBITRATION

1  Pursuant to the Federal Arbitration Act ("FAA"), a written agreement to arbitrate a
2 dispute "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in
3 equity for the revocation of any contract." 9 U.S.C. § 2. Because "arbitration is a matter of
4 contract" and "arbitrators derive their authority to resolve disputes only because the parties have
5 agreed in advance to submit such grievances to arbitration" (AT&T Techs., Inc. v. Commc'ns
6 Workers, 475 U.S. 643, 648-49 (1986)), it is up to the courts to determine (a) whether a valid
7 agreement to arbitrate exists and (b) whether a particular dispute falls within the scope of the
8 agreement (United Steelworkers of Am. v. Warrior & Gulf, 363 U.S. 574, 582-83 (1960)).
9 Plaintiffs acknowledge that an agreement to arbitrate exists, but argue that it is invalid because it
10 was obtained through coercion and misstatements and threatens the fairness of this pending
11 litigation. This type of challenge to the validity of the agreement to arbitrate under § 2 of the
12 FAA is the type of challenge the Court must resolve before ordering compliance with the
13 agreement under § 4. Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 71 (2010); Prima Paint
14 Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1067).

15  Defendants in class action litigation are generally allowed to communicate with putative
16 class members prior to certification of the class. Newberg on Class Actions § 9:7 (5th ed.).
17 Nevertheless, class actions provide opportunities for abuse, and the "district court has both the
18 duty and the broad authority to exercise control over a class action and to enter appropriate
19 orders governing the conduct of counsel and parties" where there the record shows particular
20 abuses that threaten the policies of Rule 23. Gulf Oil Co. v. Bernard, 452 U.S. 89, 100-02
21 (1981). Plaintiffs identify a number of cases in which courts refused to enforce arbitration
22 agreements that were implemented while a class action was pending. These cases are easily
23 distinguishable, however. Most of them involved failures to disclose the pending litigation or the
24 effect that the agreement would have on continued participation, most of the arbitration
25 agreements were unilaterally imposed, provided no opt-out option, and/or were hidden, and the
26

ORDER GRANTING MOTION TO
COMPEL ARBITRATION				-2-

communications were often found to be confusing. See, e.g., Jimenez v. Menzies Aviation Inc., 2015 WL 4914727, at *1 (N.D. Cal. Aug. 17, 2015) (defendant amended its dispute resolution policy during litigation, required employees to agree, failed to advise of the pending lawsuit, and failed to provide a reasonable opt-out opportunity); Balasanyan v. Nordstrom, Inc., 2012 WL 760566, at *1 and * (S.D. Cal. Mar. 8, 2012) (defendant "rolled out" its new dispute resolution policy during litigation, did not mention the litigation, provided no opportunity to opt out, and presented the new policy in a confusing manner).

In this case, HMSHost mailed a single communication to Ms. Mohamed, its former employee, shortly after plaintiffs' filed their motion for class certification. HMSHost offered to settle all wage claims Ms. Mohamed may have against HMSHost for $1,178.62 after taxes and withholdings. Dkt. # 37-4 at 2. HMSHost notified Ms. Mohamed of the passage of the SeaTac wage ordinance, this lawsuit (including the claims asserted, the relief sought, and that plaintiff would be part of the class if certified), how to contact plaintiffs' counsel, and the method by which the offered payment was calculated (based on a formula negotiated with the union). HMSHost offered to provide a copy of the complaint upon request and advised that other documents could be obtained through the Clerk's Office (with address provided). The letter concluded with:

> Host is offering to pay you the amount in the attached check in exchange for your agreement to release any claims regarding potential past obligations to pay any wages or benefits provided in the SeaTac Ordinance.
>
> **The decision as to whether to accept this offer is entirely yours. By cashing or depositing the attached check, you are accepting our offer, the terms of which are detailed below. If you reject our offer, you need do nothing and should not cash or deposit the attached check.**

Dkt. # 41 at 1.

ORDER GRANTING MOTION TO
COMPEL ARBITRATION                -3-

1 The terms of the "Settlement Agreement and Release of Claims" are set forth in six enumerated
2 and titled paragraphs, including "6. <u>Arbitration</u>." At the very end, HMSHost reiterates the fact
3 that cashing or depositing the check will create a binding agreement that will deprive Ms.
4 Mohamed of the ability to pursue any claims or rights in this litigation. Dkt. # 41 at 2.

5     The communication Ms. Mohamed received avoids all of the pitfalls identified in the
6 cases plaintiffs rely upon and makes every effort to ensure that she is aware of what she is giving
7 up and of her right to refuse the settlement offer. It is not entirely clear what plaintiffs believe to
8 be misleading, coercive, or improper about the communication. Ms. Mohamed does not report
9 being confused, coerced, or misled by the offer. She was a former employee over whom
10 HMSHost had no obvious power at the time she reviewed the offer. The letter itself was not
11 threatening or unduly technical. Plaintiffs focus on the facts that the settlement offer was made
12 while this action was pending and that HMSHost did not calculate for Ms. Mohamed the amount
13 of back wages she was owed so that she could properly evaluate the benefits of settlement. The
14 first objection is without merit. Pre-certification communications are allowed and can be
15 restricted only upon a showing that they somehow threaten the fairness of the class action
16 procedures. The mere fact that the communications occurred while this action was pending is not
17 enough. With regards to the sufficiency of the disclosures regarding damages, HMSHost
18 disclosed that the offer amount was based on a formula negotiated with the union. If Ms.
19 Mohamed wanted to compare the offered amount with her actual damages she could have done
20 so: HMSHost informed her of the date on which the ordinance became effective and she could
21 have estimated, if not calculated exactly, her unpaid wages. Any omission in this regard was
22 neither misleading nor coercive.

24 //

ORDER GRANTING MOTION TO
COMPEL ARBITRATION               -4-

For all of the foregoing reasons, the Court finds that the policies behind Rule 23 were not threatened by the communications with Ms. Mohamed. There is, therefore, no justification for invalidating the agreement to arbitrate, and defendants' motion to compel arbitration is GRANTED. Ms. Mohamed shall submit her individual claims to binding arbitration in accordance with the arbitration agreement. The Court DISMISSES WITHOUT PREJUDICE the putative Cashed Class claims for want of an adequate class representative.[1]

Dated this 5th day of April, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiffs did not dispute HMSHost's analysis regarding the scope of the agreement to arbitrate.

ORDER GRANTING MOTION TO
COMPEL ARBITRATION                -5-