The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEREKET NUGUSSIE, an individual; PAUL ROMOLINO, an individual, MOHAMED ABDI, an individual, and INDIRA MOHAMED, an individual,

Plaintiffs,

v.

HMSHOST NORTH AMERICA, a foreign business entity, and AUTOGRILL, S.p.A., a foreign corporation,

Defendants.

No. C16-268-RSL

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs have filed a motion for an Order Preliminarily Approving Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A. Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the previously-certified Class and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B. The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

though fully set forth in this Order.  Capitalized terms shall have the meanings attributed to them in the Agreement.

C. Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the Class and that the Court should hold a hearing after notice to the Class to determine whether to enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1. *Settlement Administrator*.  The Court appoints Analytics, LLC as the Settlement Administrator, which shall fulfill the Settlement Administration functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

2. *Settlement Hearing*.  A final approval hearing (the "Settlement Hearing") shall be held before this Court on **February 22, 2018, at 9:30 a.m.**, as set forth in the Class Notice (described in Paragraph 3 below), to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval.  Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees and costs, and for Service Awards to the Plaintiffs (the "Fee and Cost Application") shall be filed with the Court according to the schedule set forth in Paragraph 9, below.  The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the Class.  After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement Class with respect to the claims being settled.

3. *Class Notice*.  The Court approves the form and content of the notices substantially in the forms attached as Exhibit B to the Agreement.  The Settlement Administrator shall comply with the notice requirements of Paragraph 3.03 of the Agreement. In compliance with that Paragraph, beginning no later than thirty (30) days after entry of this Order, the Settlement Administrator shall cause notice to be delivered in the manner set forth in

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

the Agreement to all Class Members. Class Notices sent by U.S. Mail shall be substantially in the form attached as Exhibit B to the Agreement.

4. ***Filing of CAFA Notice.*** Before the Settlement Hearing, HMSHost shall file with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5. ***Findings Concerning Class Notice***. The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 3 above and Paragraph 3.03 of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

6. ***Exclusion from Class***. Each Class Member who wishes to exclude himself or herself from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any member of the Class may mail a written request for exclusion, in the form specified in the Class Notice, to the Settlement Administrator at the address set forth in the Class Notice. To be valid, all such written requests must be postmarked or received by the Settlement Administrator by forty-five (45) days after the Settlement Administrator's initial mailing of the Class Notices. All persons who properly request exclusion from the Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

7. ***Costs of Class Notice and Claims Processing***. HMSHost shall bear all costs of notice to the Class of the pendency and settlement of the Action.

///

///

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

8. *Objections and Appearances*.

(a) <u>Written Objections</u>. Any Class Member who has not timely submitted a written request for exclusion from the Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement and/or the Fee and Cost Application. Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing to Class Counsel, Attn: Duncan C. Turner, postmarked or received by Class Counsel no later than forty-five (45) days after the Settlement Administrator's initial mailing of the Class Notices. Class Counsel will file copies with the Court via ECF. Objecting Settlement Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Class; and/or (ii) object to the Fee and Cost Application. Any objection not timely made in this manner shall be waived and forever barred.

(b) <u>Appearance at Settlement Hearing</u>. Any objecting Settlement Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Settlement Class Member submits the objection and must identify any witnesses and documents that he or she intends to use or submit at the Settlement Hearing. Class Counsel will inform the Court and HMSHost's counsel accordingly. Any Settlement Class Member who does not have postmarked or deliver to Class Counsel his or her written objection and notice of intention to appear by forty-five (45) days after the Settlement Administrator's initial mailing of the Class Notice, in accordance with the requirements of this Order, may not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c) <u>Fees and Cost Application</u>. Class Counsel shall file their Fee and Cost Application, together with all supporting documentation, by no later than thirty (30) days from entry of this Order, sufficiently in advance of the expiration of the objection period that any

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

    (d) <u>Motion for Final Approval and Responses to Objections</u>. Plaintiffs shall file with the Court their motion for final approval of the Settlement and the Parties' responses to objections to the Agreement or the Fee and Cost Application, together with all supporting documentation, on January 25, 2018, and noted for consideration on the Settlement Hearing date.

  9. *Dates of Performance*. In summary, the dates of performance are as follows:

    (a) The Settlement Administrator shall send the Class Notice to Class Members on or before November 30, 2017;

    (b) Class Counsel's Fee and Cost Application, and all supporting materials, shall be filed no later than November 30, 2017;

    (c) Class Members who desire to be excluded shall mail requests for exclusion postmarked, or deliver such requests to the Settlement Administrator, within forty-five (45) days from the date of the Settlement Administrator's initial mailing of the Class Notices.

    (d) Plaintiffs' final approval motion, responses to objections, and all supporting materials, shall be filed and served by January 25, 2018, and noted for consideration on the Settlement Hearing date; and

    (e) The Settlement Hearing shall be held on February 22, 2018, at 9:30 a.m.

  10. *Effect of Failure to Approve the Agreement*. If the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain Final Approval as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

(b) Nothing contained in this Order is, or may be construed as, any admission or concession by or against HMSHost, Plaintiffs, or the Class on any point of fact or law; and

(c) Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

11. *Discretion of Counsel*. Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

12. *Stay of Proceedings Pending Approval of the Settlement*. All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

13. *Injunction Against Asserting Released Claims Pending Settlement Approval*. Pending final determination of whether the settlement should be approved, Plaintiffs, all Class Members, and any person or entity allegedly acting on behalf of Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the parties to be released in the Releases in Paragraphs 5.01 and 5.02 of the Agreement any action or proceeding in any court or tribunal asserting any of the claims to be released in that paragraph, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

14. *Reservation of Rights and Retention of Jurisdiction*. The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to the Class Members.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686