The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEREKET NUGUSSIE, an individual; PAUL ROMOLINO, an individual, MOHAMED ABDI, an individual, and INDIRA MOHAMED, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HMSHOST NORTH AMERICA, a foreign business entity, and AUTOGRILL, S.p.A., a foreign corporation,<br><br>Defendants. | Case No. 2:16-cv-268-RSL<br><br>**CLASS ACTION SETTLEMENT ORDER AND FINAL JUDGMENT**<br><br>**Noting Date: February 22, 2018** |

This matter came before the Court on Plaintiffs' motion for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court approves the proposed Settlement as fair, reasonable, and adequate. The Court hereby enters this Class Action Settlement Order and Final Judgment ("Final Judgment"), which constitutes a final adjudication on the merits of all claims of the Settlement Class.

On October 31, 2017, the Court granted preliminary approval to the proposed Settlement between Plaintiffs and Defendant HMSHost North America ("HMSHost"). The

CLASS ACTION SETTLEMENT ORDER
AND FINAL JUDGMENT (2:16-cv-268-RSL) - 1
4848-2231-4587v.1 0088414-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proposed Settlement resolves all of the Settlement Class Members' claims against HMSHost in exchange for HMSHost's agreement to provide certain monetary and non-monetary relief to Settlement Class Members as set forth in the Settlement Agreement and Release of Claims ("Agreement"). On February 22, 2018, the Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorney's fees and costs ("Fee and Cost Application"), and a Service Award to Plaintiffs. The Court heard argument from counsel and allowed others to appear to voice their support for, or objection to, the Settlement, the Fee Application, or both.

Having read, reviewed, and considered the papers filed in support of and any in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by any Settlement Class Members who appeared at the hearing; Class Counsel's Fee and Cost Application; the Agreement; and the pleadings, the Court finds and concludes as follows:

1. ***Definitions.*** The definitions and provisions of the Agreement are fully incorporated into this Final Judgment.

2. ***Jurisdiction.*** The Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Plaintiffs and all Settlement Class Members.

3. ***Settlement Approval.*** The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the Parties and the result of extensive arm's length negotiations.

4. ***Exclusion from Settlement Class.*** No members of the Class have timely and validly requested to be excluded from the Class and the Settlement.

CLASS ACTION SETTLEMENT ORDER
AND FINAL JUDGMENT (2:16-cv-268-RSL) - 2
4848-2231-4587v.1 0088414-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

5. ***Objections.*** No objections have been brought to the Court's attention.

6. ***No Admission.*** Neither this Final Judgment nor the Agreement is an admission or concession by HMSHost of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by HMSHost or any other person in connection with any transaction, event, or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Agreement.

7. ***Dismissal with Prejudice.*** The Court hereby dismisses with prejudice all claims of members of the Settlement Class against HMSHost and other released parties as described in the Agreement.

8. ***Release.*** The Settlement Class members and Plaintiffs, themselves and as the representative of the Settlement Class and on behalf of each Settlement Class Member, and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all claims released under the Settlement against the released parties.

9. ***Injunction Against Asserting Released Claims.*** Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Plaintiffs and Settlement Class Members, either directly, representatively, or in any other capacity, are permanently enjoined

CLASS ACTION SETTLEMENT ORDER
AND FINAL JUDGMENT (2:16-cv-268-RSL) - 3
4848-2231-4587v.1 0088414-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

from commencing or prosecuting against those released via the Agreement any action or proceeding in any court or tribunal asserting any claim released in the Agreement. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

10. ***Class Notice.*** The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Settlement Hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class are bound by this Final Judgment.

11. ***Notifications to Appropriate Federal and State Officials.*** Within ten (10) days of the full filing of the proposed Agreement in this Court, HMSHost caused to be served a notice of the proposed Settlement upon the appropriate state official of each State in which a Class Member resides and upon the Attorney General of the United States. The Court finds

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

that the notice provided by HMSHost satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since HMSHost provided the required notice, as required by 28 U.S.C. § 1715(d).

12. **_Continuing Jurisdiction_**. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the Settlement payments, Service Awards, and attorney's fees and costs contemplated by the Agreement until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

13. **_Service Award_**. As an incentive payment in compensation for the time, effort, and risk they undertook as representatives of the Class, the Court hereby awards $3,000.00 to Bereket Nugussie; $3,000.00 to Paul Romolino; and $3,000.00 to Mohamed Abdi.

14. **_Class Counsel Fee and Cost Award_**. The Court hereby awards attorney's fees and costs to compensate Class Counsel for their time incurred and costs advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make available to Settlement Class Members certain monetary and non-monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the claims of the Class on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendant's possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with the Representative Plaintiffs, who have reviewed the Agreement and been informed of

CLASS ACTION SETTLEMENT ORDER
AND FINAL JUDGMENT (2:16-cv-268-RSL) - 5
4848-2231-4587v.1 0088414-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Class Counsel's attorney's fees and cost application and have approved it; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee and Cost Application in time for Settlement Class Members to make a meaningful decision regarding whether to object to the Fee and Cost Application. For these reasons, the Court hereby approves Class Counsel's attorney's fees in the amount of $126,000.00 and further approves reimbursement of costs in the amount of $2,500.00, for a total fee and cost award of $128,500.00. These fees and costs are in lieu of statutory fees and costs that either the Representative Plaintiffs or the Settlement Class might otherwise have been entitled to recover.

15. **Payment Timing.** HMSHost shall pay, through the Settlement Administrator, the fee and cost award to Class Counsel and the Service Awards to Representative Plaintiff, as well as make available to Settlement Class members the amounts provided in the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED.**

DATED this 22nd day of Feb., 2018.

_____
Hon. Robert S. Lasnik
United States District Judge

CLASS ACTION SETTLEMENT ORDER
AND FINAL JUDGMENT (2:16-cv-268-RSL) - 6
4848-2231-4587v.1 0088414-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax